IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RONALD HUGH HUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25CV324 |
| U.S. DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a "Complaint and Request for Injunction against All Defendants" [Doc. #2] filed pursuant to 42 U.S.C. § 1983 by Plaintiff Ronald Hugh Hutton. In conjunction with the Complaint, Plaintiff also submitted an Application to Proceed In Forma Pauperis [Doc. #1.] For the reasons set out below, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same

financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted. Plaintiff names as Defendant the United States Department of Veteran Affairs, and also names as Defendants his "Former Landlords and Business Affiliates" and "WRAL News Personnel." Plaintiff claims this Court has jurisdiction pursuant to 42 U.S.C. § 1983. (Compl. at 3.) Plaintiff's Statement of Claim is as follows:

> I would like to file a lawsuit against the U.S. Securities Exchange Commission. Back in 1988, the U.S. Securities Exchange Commission classified me as an ex employee. This classification was sort of like a "label". Yet this 'label' does not seem applicable anymore.

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

(Compl. at 7.) Plaintiff does not reference the Securities Exchange Commission further in his Complaint, nor does Plaintiff name the Securities Exchange Commission as a Defendant to this action. Based on the context and history, it appears that Plaintiff attributes the "label" to the Department of Veterans Affairs. Plaintiff asks that the "label" "please be removed" and "that all information about [Plaintiff] in the U.S. Department of Veterans Affairs' database please be deleted, if possible." (Supp. Compl. [Doc. #4] at 2.) However, in his request for relief, Plaintiff asks that:

> [A]n injunction be enacted on the presumed conspirators, who comprise the former landlords, the former landlords' business affiliates, and the personnel specified from WRAL News . . . [and that they] be prohibited from being able to 'see me,' and 'hear me,' by way of investigative cameras. . . . I request please that any single woman my age who is mutually romantically interested in me, please not be permitted to access film footage of me, if I am ever investigated in the future.

(Supp. Compl. at 2) Plaintiff also submits "Polygraph Questions" and requests that all Defendants be asked the questions while "subjected to a polygraph." (Polygraphy Questions [Doc. #2-1] at 1–18.)

The Complaint includes a lengthy narrative regarding Plaintiff's former landlords from 2010 and news station personnel from 2012 to 2016, alleging a wide-ranging conspiracy involving hacks into his computer, sapping his motivation to look for jobs, sending his photograph to everyone in the vicinity so that people would talk about Plaintiff negatively in a way that he would overhear, persuading apparel manufactures and billboards to fabricate items and post signs with slogans that implied insults to his character, persuading stores to play music on the store intercom that insulted his character, and working with local

newspapers to investigate and film based on pictures and commercials that Plaintiff perceived as containing inferences of insults toward flaws in his character. See Compl. at 7–26.

Plaintiff has filed over a dozen complaints in this District based on the same or similar allegations. The previous actions were Hutton v. U.S. Dep't of Veterans Affairs, No. 1:12CV190 (M.D.N.C. May 22, 2013) (judgment entered dismissing without prejudice); No. 1:16CV1416 (M.D.N.C. Feb. 2, 2017) (judgment entered dismissing for failure to state a claim upon which relief may be granted); No. 1:17CV151 (M.D.N.C. Apr. 21, 2017) (same); No. 1:17CV796 (M.D.N.C. Oct. 19, 2017) (same); No. 1:18CV869 (M.D.N.C. Jan. 16, 2020) (same); No. 1:19CV1140 (M.D.N.C. Jan. 22, 2020) (same); No. 1:20CV240 (M.D.N.C. Sep. 28, 2020) (same); No. 1:21CV388 (M.D.N.C. Dec. 10, 2021) (judgment entered dismissing claims under § 1983 and the Universal Declaration of Human Rights against the Department of Veterans Affairs, Plaintiff's former landlords, and local news stations, for failure to state a claim upon which relief may be granted); No. 1:21CV583 (M.D.N.C. Dec. 10, 2021) (same); No. 1:22CV392 (M.D.N.C. Sep. 19, 2022) (same); No. 1:22CV896 (Nov. 8, 2022) (same); No. 1:23CV414 (M.D.N.C. June 2, 2023) (same); No. 1:23CV928 (M.D.N.C. Oct. 31, 2023) (same).

As mentioned above, Plaintiff purports to bring his claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff has failed to plausibly allege a violation of his Constitutional rights or a right secured under federal law that was committed by a person acting under color of state law. His allegations are also speculative and conclusory as to any harm he has suffered. Additionally,

to the extent Plaintiff attempts to bring his claim under the Universal Declaration of Human Rights ("UDHR"), the Court notes that the UDHR "is simply a statement of principles and not a treaty or international agreement that would impose legal obligations on the United States or its citizens." Nix v. NASA Fed. Credit Union, 200 F. Supp. 3d 578, 590 (D. Md. 2016) (citing Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004)). As such, the UDHR does not provide a basis for Plaintiff to invoke this Court's jurisdiction.

Moreover, to the extent Plaintiff asserts claims against private individuals, including the former landlords and the landlords' business affiliates, those individuals and organizations are not subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law.

> To state a claim under Section 1983, a plaintiff must show that the alleged constitutional deprivation at issue occurred because of action taken by the defendant under color of state law. The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Section 1983's color-of-law prerequisite is synonymous with the more familiar state-action requirement applicable to Fourteenth Amendment claims, and the analysis for each is identical. Both inquiries demand that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.

Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019) (internal ellipsis and quotations omitted); see also Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." (internal quotations omitted)).

In the previous actions, the Court advised Plaintiff of various administrative avenues of relief that might be available to him to the extent he sought some type of records correction or other administrative relief from the Department of Veterans Affairs. (See, e.g., No. 1:12CV190, recommendation entered on March 29, 2013.) Plaintiff gives no indication in his present Complaint that he has attempted any of these non-judicial avenues of relief. Instead, Plaintiff has simply restated the claims that were rejected in the earlier actions. Because Plaintiff has failed to state a valid claim for relief against any Defendant, this action should be dismissed. As noted in the prior cases, Plaintiff remains free to pursue his contentions directly with the Department of Veterans Affairs to the extent he seeks some type of administrative relief.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

This, the 6th day of August, 2026.

Joi Elizabeth Peake
United States Magistrate Judge